UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN MCGILL (#339992)                                              CIVIL ACTION

VERSUS

UNKNOWN MCCAIN, ET AL.                                                NO. 16-202-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 16, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN MCGILL (#339992)                                         CIVIL ACTION

VERSUS

UNKNOWN MCCAIN, ET AL.                                           NO. 16-202-JWD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the defendants' Motions for Summary Judgment (R. Docs. 34 and 40) and Motion to Dismiss (R. Doc. 38). The Motions are opposed. *See* R. Docs. 35, 33, 44, 46, 47, and 48.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. McCain, Dr. MacMurdo, LSP, the Deptarment of Corrections ("DOC"), the mental health staff at LSP, and unknown security officers alleging that his constitutional rights were violated through deliberate indifference to his serious medical needs.[1] The Court will first address the Motion to Dismiss filed on behalf of defendants LSP and DOC.

---

[1] The unidentified "day shift," "Major," "Capt," "2 Lts.'s" (collectively referred to as "Unknown Security Officers"), and "the mental health staff" defendants have not been served in this case. *See* R. Doc. 25. The plaintiff has never provided the identities of these persons so that service could be effected upon them. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of the plaintiff to serve these defendants within 90 days of commencement of his action is justification for dismissal of these defendants from the proceedings. Although a pro se inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, * (5th Cir. 1987). Upon being notified that service had not been effected against these defendants, through receipt of the Marshal's Service Return on May 10, 2016 (R. Doc. 25), the plaintiff has failed to take any additional action to obtain service upon the unserved defendants. It is appropriate, therefore, that the plaintiff's claims asserted against unidentified "day shift," "Major," "Capt," "2 Lts.'s" (collectively referred to as "Unknown Security Officers"), and "the mental health staff" defendants, without prejudice, for failure of the plaintiff to timely effect service upon them.

Defendants LSP and DOC move to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Specifically, these defendants assert that they are entitled to and protected by sovereign immunity.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by her own citizens as well as by citizens of another state.  *Edelman v. Jordan*, 415 U.S. 651, 662-63, 677 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, *supra*.  Thus, absent congressional action, or consent or waiver by the State, not here present, the State of Louisiana is immune from suit in this action.  This shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains.  *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir.1999); *Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La.1985).

Additionally, only a "person" may be subjected to liability under § 1983, and neither LSP or DOC is a "person" within the meaning of the statute.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989) (a state is not a "person" within the meaning of § 1983); *See also Castillo v. Blanco,* 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that Elayn Hunt Correctional Center and Dixon Correctional Institute are not persons within the meaning of § 1983); and *Glenn v. Louisiana,* 2009 WL 382680 (E.D. La ., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.").  Accordingly, the Motion to Dismiss (R. Doc. 38) should be granted.

Turning to the Motions for Summary Judgment (R. Docs. 34 and 40), defendants Dr. MacMurdo, Dr. John McCain, and Dr. Gamble move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the Affidavit of Trish Foster, a certified copy of the plaintiff's pertinent administrative remedy proceeding ("LSP 2015-3163"), and a copy of Department Regulation No. B-05-005 entitled Administrative Remedy Procedure.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air*

*Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs since he was transferred to LSP in October of 2015.  The defendants assert that the plaintiff failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims.  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2]  This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A review of the pertinent administrative record (R. Doc. 31-3) reflects that on November 14, 2015, the plaintiff filed an ARP regarding the aforementioned claims ("LSP-2015-3163"). *See* R. Doc. 34-3, p. 13. However, this claim was not completed through the administrative process. On December 28, 2015, prior to receiving a second step response, the plaintiff voluntarily withdrew his ARP.[3]  *See* R. Doc. 34-3, p. 11 and 12. The plaintiff then filed his Complaint on or about February 1, 2016. Accordingly, the plaintiff failed to exhaust available administrative remedies prior to filing suit, and as such, the defendants are entitled to summary judgment.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against Unknown Security Officers and "the mental health staff" be dismissed, for failure of the plaintiff to timely effect service upon them in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

It is further recommended that the defendants' Motion to Dismiss (R. Doc. 38) be **GRANTED**, and the plaintiff's claims against LSP and DOC be dismissed, for lack of subject matter jurisdiction and failure to state a claim.

It is further recommended that the defendants' Motions for Summary Judgment (R. Docs. 34 and 40) be **GRANTED**, and that this matter be dismissed for failure to exhaust administrative remedies, and with prejudice to refiling the complaint *in forma pauperis*.[4]

Signed in Baton Rouge, Louisiana, on September 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In opposition to the defendants' Motions, the plaintiff has solely relied upon his unverified pleadings. Even if the pleadings were verified and could be considered competent summary judgment evidence, nothing therein indicates that the plaintiff's withdrawal of his ARP was not voluntary. The plaintiff also refers to a different ARP ("LSP-2016-0128") to which he alleges to have received a second step response on May 17, 2016. This ARP is not available for the Court's review; nevertheless, even if it were, the grievance, according to the plaintiff's allegations, was not exhausted prior to the filing of the plaintiff's Complaint on or about February 1, 2016.

[4] *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).